IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-HC-02136-M

| | | |
|---|---|---|
| KIRK A. SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THOMAS SCARANTINO, | ) | |
| | ) | |
| Respondent. | ) | |

On June 24, 2021, Kirk A. Simmons ("petitioner"), then an inmate at F.M.C. Butner, filed *pro se* a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1].

On April 21, 2022, the court directed petitioner to show good cause why the petition was not rendered moot by his intervening release from federal custody. Order [D.E. 8].

On May 11, 2022, after petitioner failed to respond to the order to show cause in the time permitted, the court dismissed the action without prejudice for failure to prosecute, denied as moot the motion for an evidentiary hearing, denied a Certificate of Appealability, and directed the clerk to close the case. Order [D.E. 9]. Judgement was entered the following day. J. [D.E. 10].

On May 16, 2022, the court docketed petitioner's motion purporting to show good cause why the petition was not mooted by his intervening release from federal custody. Mot. [D.E. 11].

On May 19, 2022, the court deemed petitioner's May 16, 2022, motion a timely response to the order to show cause, found good cause shown, and directed the clerk to reopen the case.

The court now conducts its initial review of the petition under 28 U.S.C. § 2243 and, for the reasons discussed below, dismisses the action without prejudice for lack of jurisdiction.

Relevant Background:

On February 25, 2014, pursuant to a written plea agreement in the United States District Court for the District of Delaware, petitioner pleaded guilty to Attempted Enticement and Coercion of a Minor, in violation of 18 U.S.C. § 2422(b). See United States v. Simmons, No. 1:13-cr-00097-LPS-1 (D. Del. Feb. 25, 2014), Memo. of Plea Agreement [D.E. 28].

On August 15, 2014, petitioner was sentenced to, among other things, 120 months' imprisonment and 72 months of supervised released. Id., J. [D.E. 41]; Tr. [D.E. 53]. Petitioner did not directly appeal.

On June 4, 2015, petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Id., Mot. [D.E. 56]. On February 3, 2017, the sentencing court dismissed this § 2255 motion. Id., Mem. Op. [D.E. 96], Order [D.E. 97]. Petitioner appealed. Id., [D.E. 98]. On April 28, 2017, the United States Court of Appeals for the Third Circuit ("Third Circuit") denied petitioner's request for a Certificate of Appealability, id., Order [D.E. 100].

On August 29, 2018, petitioner moved under 28 U.S.C. § 2244 for leave to file a second or successive § 2255 motion, and the Third Circuit denied the motion on September 13, 2018. See In re: Kirk Simmons, No. 18-2904 (3d Cir. Sept. 13, 2018).

On October 26, 2018, petitioner moved under Federal Rule of Civil Procedure 60(b) to reopen/reconsider the denial of his § 2255 motion. Simmons, No. 1:13-cr-00097-LPS-1 (D. Del. Oct. 26, 2018), Mot. [D.E. 107]. On May 7, 2020, the sentencing court denied the motion. Id., Mem. [D.E. 117], Order [D.E. 118]. Petitioner appealed. Id., [D.E. 119]. On October 1, 2020, the Third Circuit found the Rule 60(b) motion was an unauthorized second or successive § 2255 motion or, alternatively, that petitioner was not entitled to Rule 60(b) relief. Id., Order [D.E. 121].

2

Petitioner's Argument:

Petitioner raises three grounds for relief: 1) his conviction was the result of prosecutorial misconduct "to conceal all evidence of inducement by police" that was revealed two years after his "uninformed" guilty plea; 2) he received ineffective assistance of counsel because his public defender "simply failed to investigate the case," "failed to review critical evidence that would have revealed [his] interrogation violated Miranda," "failed to review evidence that clearly supported entrapment," and "abandoned [petitioner] after sentencing with the forfeiture of appeal rights [sic]"; 3) he is actually innocent because the "prosecutor admitted petitioner not predisposed toward criminal conduct for which he was indicted [sic]," the evidence shows "clear inducement by police to engage in criminal conduct first proffered by the police," and that "inducement by police without predisposition is entrapment." Pet. [D.E. 1] at 6. Petitioner further asserts:

> Evidence supporting these grounds was concealed from petitioner throughout his federal prosecution and did not become known until the middle of his § 2255 proceedings. Attempts to amend 2255 brief were denied, attempts to secure a 2nd 2255 proceeding was rejected, attempts to reopen original 2255 via Rule 60 was flatly rejected. Appellate rights lost thru ineffective assistance [sic].

Id. at 7.

For relief, petitioner seeks: 1) an evidentiary hearing to "present these claims for the first time unobstructed"; 2) appointment of counsel; and 3) that his conviction be vacated. Id.

In his memorandum in support of his § 2241 petition, petitioner argues, *inter alia*: the prosecutor withheld exculpatory entrapment evidence that was not discovered until years after his conviction; his confession was obtained in violation of Miranda; his counsel failed to investigate his assertions of entrapment or the purported Miranda violation; and, after conviction, his counsel did not adequately confer with petitioner about an appeal. See Pet. Attach. [D.E. 1-1] at 18–31.

3

Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). Nevertheless, prisoners that are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Because he collaterally attacks the validity of his conviction, not the execution of his sentence, petitioner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the § 2255(e) "savings clause").

Under the "Jones test," section 2255 relief is "inadequate or ineffective" if:

(1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000) (per curiam)).

Unless a § 2241 petitioner satisfies the requirements a "savings clause" test, the court lacks jurisdiction to consider the petition on the merits. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see also Farkas v. Butner, 972 F.3d 548, 559–60 (4th Cir. 2020).

Petitioner plainly cannot satisfy the second prong of the Jones tests because no change of law has made non-criminal his conduct of conviction. Cf. In re Jones, 226 F.3d at 333–34.

Although petitioner contends that the sentencing court wrongly denied his motions under § 2255 and Rule 60(b), that § 2255 relief now is procedurally barred, and that, pursuant to "new

4

evidence," he should be allowed to file a second or successive § 2255 motion, see Pet. Attach. [D.E. 1-1] at 1–18, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (citations omitted).

In sum, because petitioner fails to satisfy the § 2255(e) "savings clause" requirements to demonstrate a § 2255 motion is "inadequate or ineffective to test the legality of his detention," the court lacks jurisdiction to consider this petition on the merits. See Rice, 617 F.3d at 807.

The court also may not convert this § 2241 petition into a second or successive § 2255 motion because petitioner has not received the required prior certification of the Third Circuit. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

In sum, the court DISMISSES WITHOUT PREJUDICE this § 2241 petition [D.E. 1] for lack of jurisdiction and DENIES a Certificate of Appealability. The clerk shall close the case.

SO ORDERED, this 26th day of May 2022.

RICHARD E. MYERS II
Chief United States District Judge